# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**KEITH MAURICE SHARP,**

   **Plaintiff,**

vs.  Case No. 4:20cv74-TKW-MAF

**JARED F. MILLER, et al.,**

   **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, to this Court on February 10, 2020. Because Plaintiff did not pay the filing fee nor file an in forma pauperis motion, an Order was entered directing Plaintiff to do one or the other, ECF No. 3. Plaintiff then filed an in forma pauperis motion, ECF No. 5, which was granted, ECF No. 6, and Plaintiff has paid the assessed initial partial filing fee. ECF No. 7. The complaint may now be reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff's civil rights complaint asserts a multitude of claims against numerous state officials. ECF No. 1. In general, Plaintiff asserts that he is a "secured party creditor" and he is suing for injunctive relief as well as

monetary damages.  ECF No. 1 at 1-2.  Plaintiff seeks to sue nearly every official who was involved with his criminal prosecution.  He has named the sheriff of Wakulla County, the Secretary of the State of Florida, the prosecutor, his public defender, and the presiding judge over his criminal trial.  *Id.* at 2-3.  Plaintiff also sue a court officer who he contends is responsible for filing papers and keeping court records, the Attorney General for the State of Florida, the Secretary of the Florida Department of Corrections, the warden at his Correctional Institution, as well as two assistant wardens.  *Id.* at 3.  Plaintiff generally contends that "the State of Florida Statutes does not operate upon" him as a secured party creditor.  *Id.* at 5.  He contends that Defendant have "failed to bring forth proof" of their claims and rejected Plaintiff's submission of U.C.C. documents such as his "Security Agreement, Common Law Copyright, Power of Attorney, Hold Harmless and Indemnity Agreement."  *Id.* at 7.  Put simply, Plaintiff claims that each Defendant has caused him harm, violated his rights, and he seeks "immediate release . . . from involuntary Servitude and Peonage."  *Id.* at 11.  He also seeks four billion, three-hundred and sixty-six million dollars in damages, to be paid in installment payments of five thousand dollars a month for twenty years.  *Id.*

The law has been clearly established that one may not seek monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). "In Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994), the Supreme Court 'held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S. Ct. 1584, 1586, 137 L. Ed. 2d 906 (1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)). Put another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving."

Spencer v. Kemna, 523 U.S. 1, 21, 118 S. Ct. 978, 990, 140 L. Ed. 2d 43 (1998) (quoted in Pataki, 320 F.3d at 1295).

Here, Plaintiff is currently incarcerated within the Florida Department of Corrections and is serving a prison sentence. This case is a challenge to that conviction and sentence, and Plaintiff's claims are raised in an effort to seeks relief for what Plaintiff contends is an unlawful conviction. This case is barred by Heck.

There is no reason to provide Plaintiff with an opportunity to submit an amended complaint as these claims cannot proceed. Plaintiff's claims based on assertions under the Uniform Commercial Code have been uniformly dismissed as other inmates have also sought release from prison on the basis of civil contract or commercial law. See Harris v. Wands, 410 F. App'x 145, 146-47 (10th Cir. 2011) (holding inmate's challenge to the legality of his confinement based on civil commercial law to be frivolous); Northrop v. Quintana, 2015 WL 7345756, at *3-4 (E.D. Ky. 2015) (same); Jackson v. Massachusetts, No. CV 18-11609-LTS, 2018 WL 5017919, at *2 (D. Mass. Oct. 15, 2018) (same); Schlager v. Beard, 398 F. App'x 699, 701 (3d Cir. 2010) (finding prisoner's claim "that he is somehow entitled to release from prison because he is a 'Secured Party Sovereign' is 'the

epitome of frivolous.'") (cited in Myers v. Fla., No. 5:12-CV-259-RS-EMT, 2014 WL 68067, at *8 (N.D. Fla. Jan. 8, 2014)).  These claims are frivolous and this case should be summarily dismissed.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on May 14, 2020.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**